IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. BULLDOG WELL TESTING, LLC, an Oklahoma limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>1. ELDORADO ENERGY RENTALS, LLC, a New Mexico limited liability company, and<br>2. BULL DORADO HOLDINGS, LLC, a Texas limited liability company<br><br>Defendants. | Case No. 6:16-CV-00004-RAW<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Bulldog Well Testing LLC ("Bulldog"), an Oklahoma limited liability company, by and through Levinson, Smith and Huffman, P.C., its attorneys of record, and for its Complaint against the Defendants Eldorado Energy Rentals, LLC ("Eldorado"), a New Mexico limited liability company, and Bull Dorado Holdings, LLC ("Bull Dorado"), a Texas limited liability company, alleges and states as follows:

### JURISDICTION AND THE PARTIES

1. This is an action for relief under the provisions of Section 17(a) (15 USC § 77q et seq.) and Sections 12(a)(1) and (2) (15 USC § 77l) of the Securities Act of 1933, as amended ("the Securities Act"), Section 10(b) (15 USC § 78j(b)) of the Securities Exchange Act of 1934, as amended ("the Exchange Act"), and Rule 10b-5 thereunder (17 CFR § 240.10b-5).

2. Jurisdiction of this Court is conferred by Section 22 of the Securities Act (15 USC § 77v) and Section 27 of the Exchange Act (15 USC § 78aa).

3. Venue is proper in this judicial district under 28 USC § 1391 (b)(2) as this is a

claims occurred.

4. Plaintiff is a resident of Haskell County, Oklahoma and was a resident of Haskell County, Oklahoma at all times relevant herein.

5. Upon information and belief, Defendants Eldorado and Bull Dorado are residents of the States of New Mexico and Texas respectively.

6. At all times relevant herein, the conduct and activities of the Defendants were directed to Plaintiff in Haskell County, Oklahoma and have resulted in harm and injury to Plaintiff in Haskell County, Oklahoma.

7. Personal jurisdiction over the Defendants comports with the requirements imposed by the United States Constitution.

<u>COUNT I</u>

8. Plaintiff realleges all allegations contained in paragraphs one through seven of this Complaint.

9. In November 2014, Ken Samson, CEO of Eldorado, approached Bulldog about a merger involving Eldorado. Bulldog expressed an interest in a merger to access proposed capital. Discussions continued with Mr. Samson into 2015.

10. The merger was offered Bulldog to provide capital to Bulldog. Defendant Eldorado, through its CEO Ken Samson, assured the Plaintiff that the Bulldog's asset contribution through its merger with Eldorado was entirely safe and secure.

11. Pursuant to warranties and representations made by the Defendant Eldorado to the Plaintiff, on or about May 15, 2015, Plaintiff entered into an Agreement, the Asset Contribution Agreement, with Defendants Eldorado and Bull Dorado whereby Plaintiff invested the sum of $400,000.00 of working capital into Bull Dorado. Pursuant to the terms of the Agreement, Bull

Dorado would pay the sum of $458,000.00 on or before September 10, 2015 on behalf of Bulldog for outstanding Bulldog tax liabilities. In addition, according to the Agreement, trucks registered in the name of the members of Bulldog would be paid off by Bull Dorado up to the amount of approximately $66,000.00. Furthermore, according to the Agreement, all personal guaranties of Bulldog's promissory notes by members of Bulldog would become null and void and all credit cards and outstanding debt of Bulldog and its members would be extinguished by Bull Dorado in consideration for Bulldog making the investment in Bull Dorado.

12. Before entering into the Asset Contribution Agreement dated May 15, 2015, Eldorado through Mr. Samson informed the members of Bulldog that the liabilities outlined above would be paid from a Line of Credit held by Eldorado at Four Corners Bank in New Mexico ("Four Corners"). In addition, Mr. Samson stated that once the merger was consummated and all assets of Bulldog and Eldorado were merged into Bull Dorado, Four Corners would issue Bull Dorado a larger Line of Credit without personal guarantees.

13. Furthermore, Eldorado was to contribute $400,000.00 in working capital into Bull Dorado. In addition, Eldorado represented and warranted that equipment contributed by Eldorado to Bull Dorado was in good working order.

14. Eldorado and Bull Dorado failed materially to act as represented and warranted. To date Bull Dorado has failed to pay $458,000.00 on behalf of Bulldog for outstanding Bulldog tax liabilities, has failed to pay outstanding indebtedness of trucks registered in the name of members of Bulldog up to the amount of approximately $66,000.00, has failed to make null and void all personal guarantees of the members of Bulldog of Bulldog's promissory notes and has failed to extinguish outstanding debt of Bulldog and its members in consideration for Bulldog making the investment in Bull Dorado. In addition, Eldorado has failed to contribute

$400,000.00 in working capital into Bull Dorado. Defendants reassured Plaintiff that they would make good on their representations and warranties but despite their representations and warranties no action has been taken to meet their commitments. In addition, equipment contributed by Eldorado to Bull Dorado was not in good working order as represented and warranted.

15. The acts described of in this Complaint involved the purchase and sale of (securities) within the meaning of Section 2(1) of the Securities Act and Section 3(a)(10) of the Exchange Act by means of oral communications, by use of the mails, and by the use of the means and instrumentalities of interstate commerce. As the principal place of business of Plaintiff is in Haskell County, Oklahoma, certain of the acts complained of herein took place in Haskell County, Oklahoma. Further, the Defendants offered these securities to the Plaintiff by use of the telephone from Texas. Plaintiff confirmed the sale of these securities by use of its telephone in Haskell County, Oklahoma and Plaintiff's agreement with Defendants occurred in Haskell County, Oklahoma.

16. Both Defendants Eldorado and Bull Dorado participated in the offer and sale of these securities.

17. Ken Samson, CEO of Eldorado, with the intent to induce Plaintiff into transacting with Defendants Eldorado and Bull Dorado, made false and misleading statements and is a primary violator in the actions complained of herein.

18. The securities offered and sold by the Defendants to Plaintiff were offered and sold by the Defendants in violation of Section 12 (1) of the Securities Act.

19. Plaintiff has been required to employ an attorney to prosecute this action and is entitled to recover his reasonable attorney's fees and costs as well as damages and attorney's fees

and costs for the violation of Section 12(1) of the Securities Act.

## COUNT II

20. Plaintiff realleges all allegations contained in paragraphs one through nineteen of this Complaint.

21. Defendants engaged in other manipulative activities and fraudulent courses of conduct in regard to their sale of securities to Plaintiff.

22. The foregoing misrepresentations and omissions concern material facts which were made in and/or omitted from oral communications from the Defendants to the Plaintiff in connection with its purchase of securities from the Defendants.

23. At the time Plaintiff purchased securities from Defendants, the Plaintiff did not know of the untruth of the facts misstated. Therefore, Defendants violated Section 12(2) of the Securities Act in connection with their sale of these securities to the Plaintiff.

24. Plaintiff is entitled to damages in excess of $75,000.00, interest and reasonable attorney's fees and costs for the violation of Section 12(2) of the Securities Act.

## COUNT III

25. Plaintiff realleges all allegations contained in paragraphs one through twenty-four herein.

26. Plaintiff alleges that untrue statements of material facts, the omission of material facts and the manipulative and fraudulent activities and the fraudulent course of conduct of the Defendants in connection with the sale to Plaintiff of securities were in violation of Section 10(b) of the Exchange Act and Rule 10-b-5 thereunder.

27. The alleged misstatements were made by the Defendants with complete knowledge of their falsity and Defendants knowingly omitted to state to Plaintiff the facts

alleged to have been omitted and that these facts were material.

28. Plaintiff did not know of the falsity of the Defendants' warranties and representations. Further, the Defendants knew certain facts were omitted and the Plaintiff relied upon these statements of facts which were made by the Defendants. Therefore, as a result of these untrue statements, omissions, manipulative and fraudulent activities and fraudulent courses of conduct the Plaintiff has suffered damages in the amount of $75,000.00.

29. The statements made by the Defendants were knowingly made with wanton and total disregard of the rights of Plaintiff and Plaintiff should be entitled to recover exemplary or punitive damages in an amount to be determined by the Court in order to deter the future conduct of Defendants and to set an example for others not to engage in this course of conduct.

## COUNT IV

30. Plaintiff realleges all allegations contained in paragraphs one through twenty-nine herein.

31. The Plaintiff alleges that the misstatements, omissions, manipulations and fraudulent activities and the fraudulent conduct of the Defendants constitute a violation of Section 17(a) of the Securities Act and, as a result thereof, Plaintiff has sustained damages in an amount of no less than $75,000.00.

## COUNT V

32. Plaintiff realleges all allegations contained in paragraphs one through thirty-one herein.

33. The actions of Defendants in the offer and sale of the securities to Plaintiff were violative of the Oklahoma Securities Act.

34. Defendants violated certain provisions of the Oklahoma Securities Act, including

71 O.S. §510, et al., as a result of their schemes and artifices to defraud Plaintiff by making untrue statements, omitting material facts and engaging in acts practiced in the course of business which operated as a fraud and deceit upon Plaintiff.

35. Pursuant to the Oklahoma Securities Act, Plaintiff hereby tenders any interest in the bank instrument or other securities to Defendants, if the same exist, and Plaintiff is entitled to recover the sum of not less than $75,000.00 with interest on such amount.

36. Defendants made material false representations and their actions were deceitful to Plaintiff. Defendants were aware that they were misstating material facts and omitting to state material facts to Plaintiff. Further, Defendants knew the Plaintiff would rely on these representations.

37. Plaintiff expressly relied upon the misrepresentations of Defendants and the actions of Defendants to Plaintiff constituted fraud.

38. The deceit and/or fraud perpetrated by Defendants upon Plaintiff was knowingly and willfully done by Defendants with total disregard to the rights of Plaintiff, who relied upon these misrepresentations.

39. Defendants' conduct offends public policy and is unfair and involves practices which are immoral, unethical, oppressive, unscrupulous, and unconscionable. Accordingly, Plaintiff requests that he be awarded punitive and exemplary damages. In all the circumstances, Defendants' extensive unlawful conduct constitutes aggravated misconduct that is morally reprehensible. The unlawful conduct of the Defendants constitutes intentional or reckless conduct that justifies the imposition of punitive damages against Defendants, under 23 Okla. St. Ann. § 9.1, in an amount not less than $75,000.

## COUNT VI

40. Plaintiff realleges all allegations contained in paragraphs one through thirty-nine herein.

41. Plaintiff entered into the Asset Contribution Agreement of May 15, 2015 with the expectation that the Agreement would be complied with by Plaintiff and the Defendants.

42. Plaintiff is entitled to rescind the Asset Contribution Agreement and the Company Agreement of Bull Dorado Holdings, LLC also dated May 15, 2015.

43. Further, Plaintiff is entitled to a return of all monies paid.

44. Rescission allows Plaintiff and Defendants to be place in as close of a position as they would have been in had they not entered into the Asset Contribution Agreement and the Company Agreement of Bull Dorado Holdings, LLC dated May 15, 2015.

## COUNT VII

45. Plaintiff realleges all allegations contained in paragraphs one through forty-four herein.

46. Defendants actions and inactions are in breach of the Asset Contribution Agreement and the Company Agreement of Bull Dorado Holding, LLC dated May 15, 2015.

47. As a result of the breaches of contract in addition to Defendants unjust enrichment, Plaintiff has suffered damages in excess of $75,000.00 as well as attorney fees, costs and interest. .

## COUNT VIII

48. Plaintiff realleges all allegations contained in paragraphs one through forty-seven herein.

49. Defendants made negligent misrepresentations to Plaintiff.

50.  As a result of Defendants' negligent misrepresentations, Plaintiff suffered damages in excess of $75,000.00 as well as attorney fees, costs and interest.

## COUNT IX

51.  Plaintiff realleges all allegations contained in paragraphs one through fifty herein.

52.  Defendants engaged in a deliberate and intentional scheme of fraud from which they derived monetary benefits.

53.  As a result of Defendants' deliberate and intentional scheme of fraud, Plaintiff suffered damages in excess of $75,000.00 as well as attorney fees, costs and interest.

WHEREFORE, Plaintiff Bulldog Well Testing, LLC demands judgment against Defendants Eldorado Energy Rentals, LLC and Bull Dorado Holdings, LLC for actual damages in an amount not less than $75,000.00 with interest thereon; exemplary damages in an amount not less than $75,000.00. In the alternative, Plaintiffs pray this Court rescind the Agreements entered by Plaintiff and the Defendants and that this Court return all monies paid to procure the Agreements by Bulldog Well Testing, LLC. In addition, Plaintiff requests that the Court grant it a reasonable attorney's fee, costs, and any other relief the Court deems necessary and proper.

By _____
Lee I. Levinson, OBA #5395
Terence P. Brennan, OBA #10036
leelevinson@sbcglobal.net
terry.brennan@lsh-law-firm.com
Levinson, Smith & Huffman, P.C.
1743 E. 71st Street
Tulsa, OK 74136-5108
(918) 492-4433
(918) 492-6224 (Fax)
ATTORNEYS FOR PLAINTIFF
BULLDOG WELL TESTING, LLC, an
Oklahoma limited liability company

ATTORNEYS LIEN CLAIMED

STATE OF OKLAHOMA   )
                    ) ss:
COUNTY OF HASKELL   )

### VERIFICATION

I, Barry Hamlin, in my representative capacity as an officer and director of Plaintiff in the above styled cause, declare that I have read the foregoing Complaint and know the contents thereof; the same are true of my own knowledge, except as to the matters which are stated therein on information and belief, and those matters I believe to be true.

_____
Barry Hamlin, CEO, Bulldog Well Testing, LLC

Subscribed and sworn to before me this 5th day of January, 2016.

_____
Notary Public

My Commission Expires: _____

Comm. # _____

NANCY J ROBERTS
Notary Public
State of Oklahoma
Commission # 15010432
My Commission Expires Nov 5, 2019